RAMOS *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 109.—Resuelto en enero 25, 1912.

EXPEDIENTE POSESORIO—DEFECTOS INSUBSANABLES—NATURALEZA DEL DERECHO QUE SE TRATA DE INSCRIBIR.—Para poder inscribir en el registro una finca en virtud de un expediente posesorio promovido por el marido a nombre de la esposa, es necesario que conste si dicha finca ha de reputarse como bien de la

sociedad de gananciales o privativo de la esposa, y careciendo el expediente de constancia alguna que justifique tales extremos, adolece de un defecto insubsanable que impide su inscripción.

Id.—Prueba del Estado Civil de la Promovente.—No es requisito indispensable en un expediente posesorio, que conste del mismo el estado civil de la promovente al tiempo de la adquisición de la finca objeto de dicho expediente, sino que tal estado puede acreditarse por medio de cualquiera prueba procedente en derecho.

Id.—Defectos Subsanables—Testigos en los Expedientes Posesorios—Justificación del Carácter de Propietarios—Facultades del Registrador.—Constando de un expediente posesorio que los testigos declaran bajo juramento ante el juez sobre su vecindad y condición de propietarios y que el juez apreció que tales condiciones exigidas por la ley se habían justificado debidamente, tal apreciación debe ser aceptada por el registrador.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Ramón Ramos García presentó en la corte municipal de Caguas el 27 de octubre de 1899, un escrito promoviendo información posesoria a nombre de su legítima esposa, Doña Dolores Ortiz y Ferrer, alegando al efecto que su dicha esposa era dueña de un predio de terreno de ocho cuerdas que hubo por compra hacía seis años, desde cuya fecha lo venía poseyendo sin oposición por parte de nadie. En dicho escrito se consignan como extremos a justificar, los siguientes: ''Primero: del hecho de ser aquélla poseedora, a nombre propio, de la expresada finca; y segundo: de datar esa posesión de más de seis años.''

Tramitado el expediente, de acuerdo con la ley, el juez municipal de Caguas lo aprobó el día dos de noviembre de 1899 y presentado al registro de la propiedad del distrito para su inscripción, el registrador se negó a ello por medio de la siguiente nota, contra la cual se ha interpuesto el presente recurso gubernativo.

''No admitida la inscripción del precedente documento, por el defecto insubsanable de no expresarse en el mismo, la naturaleza del derecho que se trata de inscribir, de tal modo, que no deje lugar a duda, pues no es posible juzgar si la finca que comprende, pertenece

a la sociedad de gananciales, o si es propiedad exclusiva de Da. Dolores Ortiz y Ferrer, confusión que sólo podría desvanecerse, si de este expediente constara el estado civil de la misma Da. Dolores Ortiz Ferrer, en el momento en que adquirió dicha finca; habiéndose extendido en su lugar, anotación preventiva por ciento veinte días, al folio 100 del tomo 33 de este ayuntamiento, finca número 1615, anotación letra A; con el defecto además subsanable, de no constar si los testigos que declaran en esta información, son propietarios del término municipal en que radica la mencionada finca. Caguas, 23 de septiembre de 1911."

Examinemos el defecto insubsanable. El recurrente Ramón Ramos alega que del expediente aparece que la finca la adquirió su esposa estando con él casada y que, por tanto, debe reputarse como un bien ganancial, pero nosotros hemos examinado el expediente y no hemos encontrado en ninguna parte del mismo que conste lo que afirma el recurrente. No puede inscribirse la finca como un bien privativo de la esposa, porque aun cuando parece que acreditarlo así fué el propósito del expediente, en él no se hizo constar ni menos se probó que la Doña Dolores Ortiz hubiera comprado la finca antes de su matrimonio con el recurrente, o después con su dinero exclusivo. Ni puede tampoco inscribirse como ganancial, porque. si bien aparece que se adquirió la finca a título oneroso, no consta que se adquiriera en constante matrimonio.

La nota del Registrador en tal virtud, y en cuanto a la negativa de inscripción, debe confirmarse, pero aclarándola en el sentido de que no es preciso que el estado civil de Doña Dolores Ortiz al tiempo de la adquisición, tenga que constar necesariamente del expresado expediente, sino que tal estado puede acreditarse por medio de prueba procedente en derecho.

Examinemos el defecto subsanable consignado por el registrador. No existe, a nuestro juicio, porque del expediente consta que los testigos declaran bajo juramento ante el juez sobre su vecindad y condición de propietarios y el juez apreció que tales condiciones exigidas por la ley se habían justificado debidamente, y tal apreciación debe ser aceptada por el

registrador, de acuerdo con la doctrina claramente expuesta en la Resolución de la Dirección General de los Registros, de 8 de marzo de 1892, cuyos considerandos copiados a la letra dicen así:

"Considerando que la apreciación de la calidad y circunstancias de los testigos que intervinieron en un expediente posesorio, está exclusivamente sometida al juez que dirige la información y admite como buena la declaración de aquéllos, a cuyo objeto es árbitro de exigirles los documentos que repute necesarios para dejar acreditadas las dos condiciones determinantes de su idoneidad legal:

"Considerando que, una vez establecida ésta por el juzgador, mediante las pruebas aducidas y estimadas bastantes por aquél, no debe el registrador llevar hasta tal punto su calificación, sino que ha de partir, como de hechos inconcusos, de que son vecinos y propietarios los que en calidad de tales han sido admitidos a la información por la única autoridad que en tal concepto, podía admitirlos o rechazarlos:

"Considerando que esta doctrina, basada en la necesidad de trazar un límite a la calificación de los registradores cuando recae en documentos expedidos por la autoridad judicial, al par que respeta aquella importante función deja a esta autoridad toda aquella independencia de que necesita para dirigir el procedimiento de que es parte integrante la apreciación de las pruebas."

Atendidas las razones expuestas, la nota del registrador debe confirmarse en lo conforme y revocarse en lo adverso con esta opinión.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.